UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

COREY MIDGETTE,                          :
    Plaintiff,                       :
                                     :
    v.                               :     Case No. 3:17cv459(AWT)
                                     :
DEPARTMENT OF CORRECTIONS, ET AL.   :
    Defendants.                      :

**INITIAL REVIEW ORDER**

On March 21, 2017, the plaintiff, Corey Midgette, an inmate housed at Osborn Correctional Institution in Somers, CT, filed a complaint pursuant to 42 U.S.C. § 1983 against the Connecticut Department of Correction, Dr. Carey Freston, and Dr. Ricardo Ruiz. The plaintiff claims that the defendants were negligent in their treatment of his medical needs and is suing them for compensatory and punitive damages. On April 6, 2017, the court granted the plaintiff's motion to proceed in forma pauperis.

**I.   Legal Standard**

Pursuant to 28 U.S.C. § 1915A, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair

notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570. Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'"  Sykes v. Bank of Am., 723 F.3d 399, 403 (2d Cir. 2013) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)).

## II.  Factual Allegations

In 2014, the plaintiff complained of "excruciating pain," but Dr. Ruiz told him that he "was fine and [that] there was no problem."  On October 29, 2014, while housed at Cheshire Correctional Institution, the plaintiff received a document falsely stating that he had been treated with chemotherapy.

Over time, the plaintiff developed "widespread nodules" all over his body.  However, at no time did the doctors at Correctional Managed Health Care at UConn treat the plaintiff for his pain.  The plaintiff was eventually taken to UConn hospital where he was told by physicians that the course of

2

treatment he had previously been given was not proper for his condition.  Thus, the doctors who had previously treated the plaintiff committed "medical negligence."

**III. Analysis**

The plaintiff appears to allege that the defendants acted with deliberate indifference to his serious medical needs, in violation of his Eighth Amendment right to protection against cruel and unusual punishment.  However, his allegations, liberally construed, are insufficient to state a plausible claim for relief.

A.    The Department of Correction

The Connecticut Department of Correction is not a person subject to suit under 42 U.S.C. § 1983.  A state agency is not a person within the meaning of section 1983.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, (1989) (state and state agencies not persons within meaning of 42 U.S.C. § 1983). The Department of Correction is a state agency.  See Vaden v. Connecticut, 557 F. Supp. 2d 279, 288 (D. Conn. 2008); Garris v. Department of Correction, 170 F. Supp. 2d 182, 186 (D. Conn. 2001).  Like other state agencies, the Department of Correction is not a person within the meaning of section 1983.  See Santos v. Dep't of Corr., 3:04CV1562(JCH)(HBF), 2005 WL 2123543, at *3

(D. Conn. Aug. 29, 2005) (observing that "[n]either a Department of Correction nor a correctional institution is a person" subject to liability under section 1983); <u>Torrence v. Pelkey</u>, 164 F. Supp. 2d 264, 271 (D. Conn. 2001) (same).   Thus, the plaintiff's claims against the Department of Correction are being dismissed as lacking an arguable legal basis.  <u>See</u> 28 U.S.C. § 1915A(b)(1).

   B. <u>Official Capacity Claims for Money Damages</u>

The plaintiff does not specify in his complaint whether he is suing the defendants in their official capacities, individual capacities, or both.  To the extent the plaintiff seeks damages from the defendants in their official capacities, the claims are barred by the Eleventh Amendment.  <u>See</u> <u>Kentucky v. Graham</u>, 473 U.S. 159 (1985); <u>Quern v. Jordan</u>, 440 U.S. 332, 342 (1979).  All such claims are being dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

   C. <u>Deliberate Indifference to Serious Medical Needs</u>

"To establish deliberate indifference, the plaintiff must prove that 'the prison official knew of and disregarded the plaintiff's serious medical needs' . . . [that the] official '[knew] that inmate[] face[d] a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable

4

measures to abate it.'"  Harrison v. Barkley, 219 F.3d 132, 137

(2d Cir. 2000) (citing Farmer v. Brennan, 511 U.S. 825, 837, 847

(1994)) (internal citations omitted).

In order to prevail on his deliberate indifference claim,

the plaintiff must show both the "severity" of his "medical need"

and "that the defendants . . . acted with a sufficiently culpable

state of mind."  Smith v. Carpenter, 316 F.3d 178, 183-84 (2d

Cir. 2003) (citing Chance v Armstrong, 143 F.3d 698, 702 (2d Cir.

1998)).  There are both objective and subjective components to

the deliberate indifference standard.  See Hathaway v. Coughlin,

37 F.3d 63, 66 (2d Cir. 1994).  To meet the objective

requirement, the deprivation must be "sufficiently serious".

Wilson v. Seiter, 501 U.S. 294, 298 (1991).  The condition must

be "one that may produce death, degeneration, or extreme pain."

See Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996)

(internal quotation marks omitted).  To meet the subjective

requirement, "the charged official" must "act or fail to act

while actually aware of a substantial risk that serious inmate

harm will result."  Salahuddin v. Goord, 467 F.3d 263, 280 (2d

Cir. 2006).

"It is well-established that mere disagreement over the

proper treatment does not create a constitutional claim.  So long

5

as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998).  Moreover, negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not a cognizable claim under section 1983.  See Salahuddin, 467 F.3d at 280; Harrison, 219 F.3d at 139.  "This principle may cover a delay in treatment based on a bad diagnosis or erroneous calculus of risks and costs, or a mistaken decision not to treat based on an erroneous view that the condition is benign or trivial or hopeless, or that treatment is unreliable, or that the cure is as risky or painful or bad as the malady." Harrison, 219 F.3d at 139.

Here, the plaintiff's allegations do not state a deliberate indifference claim against either of the two remaining defendants, Dr. Freston and Dr. Ruiz.  The plaintiff acknowledges that he was treated for his condition but claims that the defendants did not prescribe the proper course of treatment.  At most, the plaintiff has alleged negligence on the part of the defendants, which is not sufficient to state a claim of deliberate indifference under the Eighth Amendment. Harrison, 219 F.3d at 139.  He has not alleged any facts with respect to

the nature and severity of his condition or the circumstances

under which the treatment he received was prescribed that suggest

that his claim is anything other than a claim for negligence.

Therefore, his claims against Dr. Freston and Dr. Ruiz in their

individual capacities are being dismissed for failure to state a

claim.

**ORDERS**

The plaintiff's complaint is hereby DISMISSED.  The Clerk

is directed to enter judgment for the defendants and close this

case.  If the plaintiff can allege facts to state a deliberate

indifference claim under the standard set forth above, including

the nature and severity of his condition, the factual

circumstances regarding any treatments he received, and how the

defendants deliberately disregarded his serious medical needs,

he may file a motion to reopen the case with an amended

complaint within **thirty (30) days** after the entry of this order.

It is so ordered.

Signed this 19th day of June 2017 at Hartford, Connecticut.


_____/s/AWT_____
Alvin W. Thompson
United States District Judge

7